COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOSE ABELARDO DELAGARZA,                      )

                                                                              )              
No.  08-04-00216-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
176th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Harris County, Texas

Appellee.                           )

                                                                              )                    (TC# 953,344)

                                                                              )

 

 

O
P I N I O N

 

Appellant Jose
Abelardo Delagarza appeals his conviction for the felony offense of possession
of cocaine.  Appellant filed a pretrial
motion to suppress evidence, alleging that the matter seized was the result of
an illegal detention, arrest, and search of Appellant in violation of his
constitutional rights.  After a hearing,
the trial court denied the motion.  On
June 9, 2004, Appellant entered a guilty plea and was sentenced to 10 years
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court has certified
that this was a plea-bargain case in which the Appellant raised a pretrial
matter by written motion filed and ruled on before trial.  In his sole issue, Appellant contends the
trial court abused its discretion in overruling his motion to suppress because
the State failed to prove by clear and convincing evidence that the consent to
search was freely and voluntarily given. 
We will affirm.








On June 26, 2003,
Officer Mark Boyle of the Houston Police Department narcotics division received
information that around 9 p.m. that night, a Hispanic male named Jose was going
to be delivering a large quantity of cocaine to a certain location, 24-Hour
Fitness, located at F.M. 1960 and Jones Road. 
Officer Boyle also had information that this individual would be driving
a black Mustang.  Officer Boyle passed on
this information to his partner Officer William Davis.

Officer Alexander
Moreira and several other officers were dispatched to the parking lot of
24-Hour Fitness and set up surveillance. 
Appellant pulled into the parking lot in a black Mustang at around 9:35
p.m.  One of the officers pulled in front
of the vehicle and activated overhead emergency lights on the patrol car.  Officer Moreira approached and asked
Appellant to step out of the vehicle. 
Appellant exited the car, and within moments, he was placed on the
ground and handcuffed by an officer.  At
one point, Appellant was asked for his driver=s
license.  An officer ran Appellant=s information through the system and it
showed he had city warrants.  Officer
Moreira asked Appellant if he had anything in the vehicle that he should not
have.  Appellant said Ano.@  Officer Moreira then asked Appellant if he
could search the vehicle and Appellant told him Ayes.@ 
The police officers searched the vehicle and found a kilogram of
cocaine.








During
cross-examination, Officer Moreira denied that he pulled Appellant out of the
car and threw him to the ground.  Officer
Moreira did not remember Appellant being stepped on or thrown in any way when
he was handcuffed.  The officer denied
that he asked for Appellant=s
consent while Appellant was pinned to the ground.  He maintained that no one forced consent
during the incident and that Appellant was not on the ground when he gave
verbal consent to the search.

Officer Davis was
one of the officers involved in the arrest that night.  According to Officer Davis, he and Officers
Moreira, Alvarez, and Lee approached the vehicle, asked the driver to step out,
and placed him into custody for officer safety. 
Since this was a suspected narcotics trafficking case, the officers
wanted to handcuff the suspect as soon as possible because, according to
Officer Davis, narcotics traffickers often carry weapons.  Appellant was handcuffed the minute he
stepped out of the vehicle.  Officer
Davis overheard Officer Moreira asking Appellant for consent to search the
vehicle.  Officer Davis stated that none
of the officers physically threatened Appellant into giving his consent.  He also denied that Appellant was stepped on
or physically violated in obtaining the verbal consent.  After Appellant gave his consent, Officer
Davis searched the vehicle and found cocaine in a cellular phone box that was
wedged between a large speaker box and the right wall of the vehicle=s trunk.

On
cross-examination, Officer Davis recalled that another officer placed Appellant
on the ground when Appellant exited the vehicle.  He could not remember which officer
handcuffed Appellant.  Officer Davis
testified that Officer Moreira asked Appellant for consent to search the car
while Appellant was on the ground.  He
denied that the officers kicked Appellant and stated that he did not see any
officers step on Appellant=s
hands.








Appellant
testified at the suppression hearing. 
According to Appellant, a marked patrol car blocked his vehicle and
stopped him.  Appellant was ordered out
of the vehicle at gunpoint.  An officer
opened the door and Appellant stepped out with his hands up.  He was then thrown to the ground face
down.  He felt his hands being stepped on
a couple of times.  As he was laying face
down on the parking lot, the police asked him if he had anything in the vehicle
that he might want to tell them about. 
Appellant told them Ano.@ 
Appellant testified that he was also kicked in the head and that he
later noticed blood dripping down the back of his head when he was at the
police station.  During the incident,
Appellant was in pain from being thrown down, stepped on, and kicked in the
head.  Appellant only slightly remembered
giving oral consent to the search, but stated that his consent was involuntary.

Standard
of Review 

We review the
trial court=s ruling
on a motion to suppress for abuse of discretion. Guzman v. State, 955
S.W.2d 85, 88‑9 (Tex.Crim.App. 1997). 
Under this standard, we afford almost total deference to a trial court=s determination of historical facts
supported by the record, especially when the trial court=s
findings are based on an evaluation of credibility and demeanor. Id. at
89.  We give the same deference to the
trial court=s ruling
on mixed questions of law and fact if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Id. 
We review de novo mixed questions of law and fact that do not
fall within this category.  Id. at
88-9; Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000).  When the trial court makes no explicit
findings of historical facts, as in this case, we review the evidence in a
light most favorable to the trial court=s
ruling.  Carmouche, 10 S.W.3d at
327-28.  The trial court=s ruling will be upheld if it is
reasonably supported by the record and is correct on any theory of law
applicable to the case.  State v. Ross,
32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

Consent
to Search 

In his sole issue,
Appellant contends the State failed to prove by clear and convincing evidence
that his consent to search his vehicle was freely and voluntarily given.








Under the Fourth
and Fourteenth Amendments to the United States Constitution, a search conducted
without a warrant issued with probable cause is per se unreasonable.  Schneckloth v. Bustamonte, 412 U.S.
218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); Rayford v. State,
125 S.W.3d 521, 528 (Tex.Crim.App. 2003). 
Consent to search, however, is one of the 

well-established exceptions, so
long as the consent is voluntary.  Rayford,
125 S.W.2d at 528, citing Schneckloth, 412 U.S. at 219‑23,
93 S.Ct. at 2043‑46; Carmouche, 10 S.W.3d at 331.  For consent to be voluntary, it must not be
coerced, by explicit or implicit means, by implied threat or covert force.  Carmouche, 10 S.W.3d at 331.  Under the Texas Constitution, the State must
establish by clear and convincing evidence that an accused gave consent
positively and unequivocally and there must not be duress or coercion, actual
or implied.  State v. Ibarra, 953
S.W.2d 242, 243 (Tex.Crim.App. 1997). 
The voluntariness of a consent to search is a question of fact to be
determined from the totality of the circumstances.  Carmouche, 10 S.W.3d at 331; Reasor
v. State, 12 S.W.3d 813, 818 (Tex.Crim.App. 2000).








The record
reflects that police officers moved quickly to place Appellant in handcuffs
when he exited the vehicle.  The police
obtained information concerning city warrants on Appellant during the
detention.  Officer Moreira testified
that Appellant denied having anything in the vehicle that he should not
have.  When the officer asked Appellant
if he could search the vehicle, Appellant unequivocally gave his verbal consent
to the search.  According to Officer
Moreira, Appellant was not pulled out of the car, was not thrown to the ground,
was not stepped on when handcuffed, and was in no other way forced into giving
his consent.  Moreover, Appellant was not
asked for his consent and did not give that consent while he was placed on the
ground.  Officer Davis agreed that
Appellant was not physically threatened or harmed during the incident.

In his brief,
Appellant argues that the officers=
conduct created a coercive environment that led him to acquiesce to the
officers=
demand.  He also argues that his verbal
consent to the search was obtained by threats and coercion.  However, giving almost total deference to the
trial court=s
evaluation on the credibility and demeanor of the witnesses in this case, we
conclude the trial court was free to disregard Appellant=s
testimony and believe the police officers. 
Guzman, 955 S.W.2d at 89. 
Testimony by law enforcement officers that no coercion was involved in
obtaining the consent is some evidence of the voluntary nature of the
consent.  Martinez v. State, 17
S.W.3d 677, 683 (Tex.Crim.App. 2000). 
Viewing the totality of the circumstances surrounding the statement of
consent, we conclude the record supports the finding that Appellant=s consent was freely and voluntarily
given.  Therefore, the trial court did
not abuse its discretion in overruling Appellant=s
motion to suppress.  We overrule
Appellant=s sole
issue.

We affirm the
trial court=s
judgment.

 

 

August
11, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)